IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARTIRES JONATH VARGAS,

                                                   Plaintiff,

               v.                                  Civil Action No.
                                                   9:08-CV-0221 (FJS/DEP)

ATTORNEY GENERAL OF THE
UNITED STATES, PETER D. KEISLER,
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY/IMMIGRATION
AND CUSTOMS ENFORCEMENT,

                                                   Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:

MARTIRES JONATH VARGAS, *pro se*

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

       Currently before the court is petitioner Martires Jonath Vargas's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See*

Dkt. No. 1.  Petitioner is presently confined at Ogdensburg Correctional

Facility.  *Id.* at 1.  Petitioner seeks review of the legality and validity of an

order mandating his deportation to the Dominican Republic.  *Id.* at 4.

Vargas also requests leave to proceed with this matter *in forma pauperis*.

*See* Dkt. No. 2.

I.     DISCUSSION

      A.     Vargas's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

      On May 11, 2005, Congress enacted the Real ID Act (the "Act"),

which became effective that same day.  *See* Real ID Act of 2005, Pub. L.

No. 109-13, § 106(b), 119 Stat. 231 (2005).  Section 106 of the Act

amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law
> (statutory or nonstatutory), including section 2241
> of Title 28, or any other habeas corpus provision,
> and sections 1361 and 1651 of such title, a petition
> for review filed with an appropriate court of
> appeals[1] in accordance with this section shall be
> the sole and exclusive means of judicial review of
> an order of removal entered or issued under any
> provision of this chapter, . . .

---

[1]     The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  8 U.S.C. § 1252(b)(2). Vargas indicates that the immigration proceedings at issue in this case occurred at Ulster Correctional Facility, which is located within the United States Court of Appeals for the Second Circuit.  Indeed, in his petition, Vargas asserts that "venue for this proceeding is properly laid in the United States Court of Appeals Second Circuit."  Dkt. No. 1 at 5.

8 U.S.C. § 1252(a)(5).[2]

Thus, to the extent that petitioner is directly or indirectly challenging his removal order, he may not do so in this court.[3]  *See Munoz v. Gonzalez*, No. 05 Civ 6056, 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005) (asserting that district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL 1971893, at *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL 1971896, at *1 (W.D.N.Y. Aug. 9, 2005) (same).

---

[2]     The Real ID Act also provides that, if any case brought pursuant to 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion "is **pending** in a district court" on the date the Act became effective – May 11, 2005 – "then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ."  Real ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, § 106(c), 119 Stat. 311 (2005) (emphasis added).  Petitioner filed this petition on February 25, 2008.  *See* Dkt. No. 1.  Therefore, because this petition was **not pending** on May 11, 2005, this court has no authority to transfer this petition to the appropriate court of appeals.

[3]     Petitioner in part challenges his detention and seeks a judgment enjoining the respondents from removing him from the United States.  *See* Dkt. No. 1 at 5.  "Congress emphasized that, in enacting § 106, it was not completely stripping the district courts of habeas jurisdiction, but intended the amendment to eliminate habeas review only over challenges to removal orders, not 'habeas review over challenges to detention that are independent of challenges to removal orders.'" *Saavedra De Barreto v. Immigration and Naturalization Serv.,* 427 F. Supp. 2d 51, 57 (D. Conn. 2006) (citing H.R. Rep. 109-72, 173-74)).  As in *Saavedre De Barreto*, petitioner's request for injunctive relief preventing his removal "is not an independent challenge of [his] detention, but rather is just another way to challenge [his] order of removal." *Saavedra De Barreto,* 427 F. Supp. 2d at 58.

Moreover, to the extent that petitioner's request may be construed as seeking only a stay of his removal, this court is also without jurisdiction to address this request.  As one court in this circuit recently noted, "[b]y depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases.  Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'"  *Rodney v. Gonzales*, No. 05 CV 3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006); *see also Munoz*, 2005 WL 1644165, at *1 (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).

Accordingly, for the above-stated reasons, I recommend the dismissal of the petition without prejudice to petitioner refiling it in the appropriate court of appeals.

B.     Petitioner's *In Forma Pauperis* Application

Since I recommend that this action be dismissed, it is further recommended that petitioner's *in forma pauperis* application be denied as moot.

IV.    SUMMARY AND RECOMMENDATION

4

Pursuant to the Real ID Act, this court lacks jurisdiction to consider petitioner's challenge to the order of deportation authorizing his removal to the Dominican Republic.  It is therefore hereby

RECOMMENDED that Vargas's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) challenging his removal be DENIED AND DISMISSED WITHOUT PREJUDICE to petitioner refiling the petition in the appropriate Circuit Court of Appeals; and it is further

RECOMMENDED that petitioner's request to proceed with this action *in forma pauperis* (Dkt. No. 2) be DENIED as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the petitioner in accordance with this court's local rules.

Dated:      March 12, 2008
            Syracuse, NY


                                    _____
                                    David E. Peebles
                                    U.S. Magistrate Judge